24-2707 (L)
USA v. Reddell Smith

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2025

(Argued:  October 24, 2025      Decided:  August 12,  2026)

Docket Nos. 24-2707 (Lead), 24-2712 (Con)

_____

UNITED STATES OF AMERICA,

*Appellee*,

- v. -

REDDELL SMITH,

*Defendant-Appellant.*[*]

_____

---

[*]     The Clerk of Court is instructed to amend the official caption to conform with the above.

Before:  LOHIER, *Chief Judge*, KEARSE and PARK, *Circuit Judges*.

Appeals from an October 9, 2024 amended judgment of conviction (and a related order) of the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Judge*, entered without a resentencing hearing following a remand in *United States v. Smith*, No. 22-2118, 2024 WL 1208636 (2d Cir. Mar. 21, 2024), in which this Court (a) affirmed the sentence that had been imposed on defendant orally on August 30, 2022, (b) vacated the September 13, 2022 written judgment that contradicted a term of the oral sentence, and (c) instructed the district court to enter a written judgment that conformed to the terms of the orally imposed sentence.  On appeal, defendant argues principally that the October 9, 2024 amended judgment should be vacated, and the case remanded for resentencing, on the ground that he was entitled to be present for resentencing.  Finding no merit in defendant's arguments, we affirm the October 9, 2024 amended judgment and the challenged related order.

Affirmed.

RAJIT S. DOSANJH, Assistant United States Attorney, Syracuse, New York (Daniel Hanlon, Acting United States Attorney for the Northern District of New

York, Nicolas Commandeur, Assistant United States Attorney, Syracuse, New York, on the brief), *for Appellee*.

CHLOE LEWIS, New York, New York (Brian A. Jacobs, Morvillo Abramowitz Grand Iason & Anello, New York, New York, on the brief), *for Defendant-Appellant*.

*Per Curiam*:

This case returns to us following proceedings in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Judge*, after our remand in *United States v. Smith*, No. 22-2118, 2024 WL 1208636 (2d Cir. Mar. 21, 2024) ("*Smith I*"), for the correction of a written amended judgment against defendant Reddell Smith for violation of supervised release (or "VOSR"), entered on September 13, 2022 ("First Amended VOSR Judgment"), to conform to the terms of the VOSR sentence imposed on Smith orally on August 30, 2022. On remand, the district court, on October 9, 2024, without an in-person resentencing hearing, entered an amended judgment ("Second Amended VOSR Judgment") that matched the **VOSR** sentence imposed on Smith orally. On this appeal, Smith contends that the Second Amended

VOSR Judgment (along with a related order) should be vacated because it was entered in violation of his right to be sentenced in-person. For the reasons that follow, we disagree.

I. BACKGROUND

A. *Earlier Proceedings*

We identify the judgment that was at issue in *Smith I* as the First Amended VOSR Judgment because it was entered following a prior appeal, *United States v. Hopper*, No. 19-3087, 2022 WL 1566258 (2d Cir. May 17, 2022) ("*Hopper*"), in which Smith was an appellant and successfully challenged certain aspects of the sentence imposed on him following his plea of guilty to a RICO conspiracy offense charged in a 2018 indictment ("2018 RICO" case). Smith had previously been convicted of RICO conspiracy as charged in a 2009 indictment ("2009 RICO" case); and following his 2015 release from prison for that crime, while he was on supervised release he was arrested for and convicted of several additional crimes. He admitted a violation of supervised release.

In 2020, the district court held a combined hearing for sentencing in Smith's 2018 RICO case and on the charge of supervised-release violations. In *Hopper*, we discerned errors in the calculation of Smith's sentences for the RICO conspiracy and the supervised-release violations, and we vacated his sentence and remanded "for plenary resentencing," *Hopper*, 2022 WL 1566258, at *6. (The district court proceedings on that remand became the subject of *Smith I*.)

On remand from *Hopper*, the district court on August 30, 2022, with Smith present, again held a combined hearing for sentencing on the RICO and VOSR charges. At that hearing, for the 2018 RICO conviction the court sentenced Smith principally to a 71-month term of imprisonment to be followed by a three-year term of supervised release. That new sentence was eventually embodied in an amended judgment dated September 13, 2022 ("Amended 2018 RICO Judgment"). For the supervised-release violations, the court sentenced Smith to a 13-month term of imprisonment, with no supervised-release term to follow, but to be served consecutively to his prison term for the RICO conviction, before whatever state sentence would be imposed. *United States v. Smith*, No. 5:18-cr-353, Dkt. 594 (Resentencing Transcript, August 30, 2022 ("Resentencing Tr."), at 20, 22-24).

However, on September 13, 2022, the district court entered the written First Amended VOSR Judgment, which stated that Smith's 13-month VOSR "sentence is to run *concurrently* with the sentence" for his RICO conviction. *United States v. Smith*, No. 5:09-cr-337, Dkt. 490 (First Amended VOSR Judgment at 3 (emphasis added)). The court's September 13, 2022 text order stated that "[p]ursuant to Rule 35(a), the Court hereby corrects Defendant Reddell Smith's sentence, which was imposed in clear error and hereby ORDERS that Defendant's sentence shall run concurrently with the [RICO] sentence . . . ." *United States v. Smith*, No. 5:09-cr-337, Dkt. 489.

Smith appealed, contending that the district court misunderstood both how much time he would serve on his state sentence and its own authority to order that his federal sentence be served concurrently with the state sentence. The government cross-appealed, contending that the First Amended VOSR Judgment impermissibly stated that the VOSR and RICO prison terms were to be concurrent, because at sentencing the court had stated that the terms would be consecutive. These issues were resolved in *Smith I*, familiarity with which is assumed.

In *Smith I*, we rejected Smith's contentions that the district court had misapprehended the amount of time Smith would serve on his state sentence or its

-6-

own authority to order his federal prison terms to run concurrently with the state prison term. We noted that the government's sentencing submission to the court had stated that concurrent sentences were possible, that the court had noted that it was "aware" of that possibility, and that Smith's concerns were discussed at the sentencing hearing in colloquy between the government and the court, and between the court and Smith. *Smith I*, 2024 WL 1208636, at *1-*2.

We held, however, that the district court violated Rule 35 of the Federal Rules of Criminal Procedure by modifying Smith's VOSR sentence "[w]ithout identifying any legal error." *Id*. at *2. We stated:

> Rule 35(a) "authorizes correction only of obvious errors, and was not meant to allow the district court to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines, or to reconsider the application or interpretation of the sentencing guidelines, or simply to change its mind about the appropriateness of the sentence." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) . . . . "[A] district court's second thoughts with regard to the severity of the defendant's sentence, no matter how well intentioned, are not the sort of error that Rule [35(a)] was designed to remedy." *Id*. (quotation marks omitted).

*Id*. at *2; *see, e.g.*, *United States v. Abreu-Cabrera*, 64 F.3d 67, 69 (2d Cir. 1995) (Rule 35 prohibits a sentencing court from modifying a sentence "simply because further reflection has caused it to have a change of heart."). We concluded:

We accordingly vacate the District Court's order imposing a concurrent sentence and *remand to the District Court for it to impose the consecutive sentence it pronounced at Smith's resentencing hearing. See* [*United States v. Abreu-Cabrera*, 64 F.3d] at 76.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

*Smith I*, 2024 WL 1208636, at *2.

B. *Proceedings on Remand from* Smith I

After our mandate in *Smith I* issued, the district court initially scheduled a resentencing hearing for October 15, 2024, and ordered that Smith be brought to the hearing. The government then submitted a letter to the court, arguing that no hearing was needed because the court had no authority to resentence Smith and was authorized only to amend the written judgment to reflect the sentence that the court had announced to Smith orally. Smith, in response, argued that no authority prohibited an in-person hearing for resentencing or prohibited the court from reconsidering its sentence in light of post-appeal events.

The court accepted the government's views, canceled the October 15 hearing and the writ ordering Smith's appearance, and on October 9, 2024, entered the Second Amended VOSR Judgment, which conformed to its oral sentence by making Smith's VOSR sentence consecutive to his RICO and state-court sentences.

These two appeals by Smith followed. In No. 24-2707, he challenges the October 9, 2024 Second Amended VOSR Judgment. In No. 24-2712, he challenges the district court's October 9, 2024 withdrawal of its writ requiring production of Smith for the (canceled) resentencing hearing. In the latter, his notice of appeal also refers to a "9/13/2022 judgment" in conjunction with the "10/9/2024 order"; but his briefs on appeal make no arguments with regard to either of the judgments dated September 13, 2022.

## II. DISCUSSION

In the present appeals, Smith contends that he had a constitutional right to be present at his VOSR resentencing, and that the district court erred in adopting the government's view that it had no authority to do more than impose its original sentence. He argues that nothing in *Smith I* precluded the court from resentencing

him in-person and from considering arguments for a different sentence based on facts that postdated the appeal.  We are unpersuaded.

"Under both the Constitution and Federal Rule of Criminal Procedure 43(a)(3), a criminal defendant has the right to be present during sentencing." *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012).  That right persists in a proceeding "where the district court re-enters a sentence which has been vacated or set aside by the Court of Appeals" but not in "a proceeding by which the district court corrects or changes a pre-existing sentence." *United States v. Arrous*, 320 F.3d 355, 359 (2d Cir. 2003).  A remand for performance of a narrow sentencing task is presumed to be a remand for limited resentencing.  "[A] mandate should not be" read as calling for *de novo* resentencing "unless it clearly says so" or unless the intent for *de novo* resentencing "is evident from the broader spirit of the mandate." *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) (internal quotation marks omitted).  We do not require in-person resentencing when a remand is "strictly ministerial" and leaves "*nothing for the district court to do but enter an amended judgment in accordance with the dictate of our mandate.*"  *Burrell v. United States*, 467 F.3d 160, 164-65 (2d Cir. 2006) ("*Burrell*") (emphasis added), *cert. denied by* 549 U.S. 1344 (2007).

Unlike our mandate in *Hopper*, which remanded for "plenary resentencing," 2022 WL 1566258, at *6, our mandate in *Smith I* had a pinpoint focus. We "remand[ed] to the District Court for it to impose the consecutive sentence it pronounced at Smith's resentencing hearing." *Smith I*, 2024 WL 1208636, at *2. In instructing the district court to effectuate the August 30, 2022 sentence that had been orally pronounced in Smith's presence, by simply making a ministerial correction to conform the written judgment to the court's orally pronounced sentence, we merely "directed the district court to undertake a single non-discretionary act." *Burrell*, 467 F.3d at 164-65.

Smith's contention that *Smith I* did not foreclose a shorter sentence--or a resentencing hearing at which he could attempt to persuade the court to shorten his sentence--because it "authoriz[ed] 'further proceedings'" (Smith brief on appeal at 4 (quoting *Smith I* at *2)) is meritless. As Smith recognizes (*see*, *e.g.*, Smith brief on appeal at 3, 9, 12), the *Smith I* remand was "for further proceedings consistent with this order." Any proceeding with respect to the imposition of a sentence other than the one that had been orally imposed on August 30, 2022, would not have been "consistent with th[e *Smith I*] order." The district court properly interpreted that mandate as not requiring a *de novo* resentencing or a hearing.

-11-

Nor did Smith overcome the presumption of limited resentencing by "show[ing] that . . . an issue became relevant only after the initial appellate review," or by arguing that "there is a 'cogent' or 'compelling' reason for resentencing *de novo*, such as a change in controlling law." *United States v. Rigas*, 583 F.3d 108, 118 (2d Cir. 2009). In his letter to the district court requesting that he be present, Smith did not identify any new issues, facts, or law that might have compelled a *de novo* resentencing hearing. His principal contention was that because the Bureau of Prisons ("BOP") had already released him from federal to state custody pursuant to the district court's September 13 written judgment of conviction, his sentence would "effectively increase." (*United States v. Smith*, No. 5:09-cr-337, Dkt No. 507 (Letter from Reddell Smith to Judge Scullin dated September 24, 2024, at 3).) Smith's argument that recognition of the clear and unambiguous oral sentence originally imposed on him would constitute a sentence increase is negated by the facts that his oral sentence "constitute[d] the judgment of the court," *United States v. Thomas*, 299 F.3d 150, 152-53 (2d Cir. 2002) ("*Thomas*") (internal quotation marks omitted), and that the contradictory provision in the September 13 judgment was ineffective to reduce that original sentence, *see id*. at 153.

Smith also insists that the relevant new circumstances were the "commencement of his state sentence," which "could permissibly lead the District Court to adjust the federal sentence." (Smith reply brief on appeal at 13.) Again we disagree. The district court weighed the effect of Smith's separate state and federal sentences at his resentencing hearing on August 30, 2022, and imposed the sentence he now challenges. As discussed above, in *Smith I* we rejected the claim that the district court misunderstood the length of his state sentence or its authority to impose concurrent sentences. *See Smith I* at \*1-\*2 (*see also* Resentencing Tr. 20, 22-24). And the issue of the application of state credits to his federal sentence is within the exclusive authority of the BOP. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992).

In sum, "[i]t is clearly established in this Circuit that [i]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. *The written commitment order is mere evidence of such authority*." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (internal quotation marks omitted (emphases ours)); *see, e.g., Thomas*, 299 F.3d at 152; *United States v. DeMartino*, 112 F.3d at 78-79; *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974). Correctly writing what sentence was pronounced orally is a task that is ministerial. Putting the original sentence in writing is not the imposition of a "new sentence"

-13-

(Smith brief on appeal at 29). The defendant has no right to be present for the ministerial correction of the written judgment.

CONCLUSION

We have considered all of Smith's arguments on these appeals and have found them to be without merit. The October 9, 2024 judgment of the district court and the order withdrawing the writ for Smith to be produced for resentencing are affirmed.